IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| GRANDVIEW PRODUCTS CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ADVANTAGES CONTRACTORS LLC, | ) | |
| | ) | Case No. 4: 08CV004047 BSM |
| and | ) | |
| | ) | |
| RON RICHARDSON and | ) | |
| RODNEY GOODSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CONSENT JUDGMENT WITH STAY OF EXECUTION

NOW ON THIS 21st day of January, 2010, comes the plaintiff Grandview Products Co., Inc. ("Grandview") and individual defendants Ronald W. Richardson ("Richardson") and J. Rodney Goodson ("Goodson") and, having agreed among themselves that this judgment be entered against individual defendants Richardson and Goodson, subject to the following conditions, it is hereby

ORDERED and ADJUDGED that judgment be entered in favor of plaintiff Grandview and against defendants Richardson and Goodson, jointly and severally, for the sum of $40,000.00. It is further

ORDERED and ADJUDGED that execution and levy on the foregoing judgment be stayed on the condition that the defendants jointly and severally pay to the plaintiff Grandview the sum of $573.03 each month for 60 months until plaintiff Grandview has received $30,000.00,

as set forth in the parties' Settlement Agreement and Promissory Note, a copy of which is attached hereto. It is further

ORDERED and ADJUDGED that if this Court is notified by plaintiff Grandview that defendants Richardson and Goodson have failed to timely make any of the foregoing monthly payments to plaintiff Grandview, then in that event the stay is deemed lifted, in which event plaintiff Grandview shall be entitled to immediate execution and levy of said judgment to the extent it remains unsatisfied, and such other remedies as are available to a judgment creditor.

Date: 1-21-2010

HONORABLE BRIAN S. MILLER
UNITED STATES DISTRICT JUDGE

Accepted and agreed to:

George P. Coughlin, Mo. Bar No. 25075

DYSART TAYLOR LAY COTTER
 & McMONIGLE, P.C.
4420 Madison Ave., Ste. 200
Kansas City, MO 64111
TEL (816) 931-2700
FAX (816) 931-7377

ATTORNEYS FOR PLAINTIFF

Stuart W. Hankins, Ark. Bar No. 72050

HANKINS LAW FIRM, P.A.
P.O. Box 5151
North Little Rock, AR 72119
TEL (501) 371-9226

ATTORNEY FOR DEFENDANTS

2

# SETTLEMENT AGREEMENT/PROMISSORY NOTE

This Settlement Agreement and Promissory Note (collectively the "Agreement") is made as of this 28th day of December, 2009, by Grandview Products Co., Inc. ("Grandview") and Ronald W. Richardson and J. Rodney Goodson (sometimes collectively referred to herein as "Debtors").

1. Debtors were the owners and operators of Advantages Contractors, LLC, an Arkansas limited liability company ("Advantages") formerly doing business with Grandview.

2. On August 18, 2008, an arbitration award was entered against Advantages and in favor of Grandview, which award was in the amount of $129,677.25.

3. Grandview filed an action against Advantages and Debtors in the United States District Court for the Eastern District of Arkansas (the "Lawsuit"), therein asserting, among other things, that Debtors recklessly delivered a written statement respecting the financial condition of Advantages to Grandview for the purpose of securing an extension of credit, which financial statement contained materially false information on which Grandview reasonably relied and by which Grandview was damaged.

4. Debtors admit that the allegation set forth above in numbered paragraph 3 is true. Debtors further acknowledge that they are each personally responsible and liable to Grandview for payment and satisfaction of the total amount of $30,000 in connection with the Lawsuit. In order to avoid more litigation and expense in the Lawsuit, the Debtors and Grandview agree as follows:

    a. Debtors (either individually or together) shall pay Grandview a total of $30,000, payable at a rate of 5.5% in 60 monthly installments of principal and interest of $572.03 per month;

    b. Debtors shall pay (either individually or together) Grandview $517.03 per month on or before the fifth day of each month beginning on or before February 5, 2010, and continuing thereafter until the $30,000 is fully paid. Failure to timely pay the foregoing amount shall constitute a default and a breach of this Agreement;

    c. Debtors shall be jointly and severally liable for the foregoing monthly payments and obligations, and each does separately guarantee and agree that Grandview shall be paid the foregoing $30,000 in 60 months; and

    d. As security for this Agreement, Debtors agree that a consent judgment be entered against them personally in the Lawsuit in the amount of $40,000, and that they be jointly and severally liable for that judgment. Said judgment, however, shall be stayed for so long as Debtors are timely making their Note payments. Grandview agrees not to levy or execute upon the foregoing judgment so long as Debtors are in compliance with their Note obligations hereunder. The attorneys for Debtors and Grandview shall agree on the form of this consent judgment.

5. Grandview agrees and acknowledges that any and all of its claims against the Debtors were asserted or could have been asserted in the Lawsuit, including piercing the corporate veil of Advantages Contractors, LLC, and that the Judgment, when entered, shall be *res judicata* as to all such claims. Grandview agrees that in the event Debtors timely make all principal and interest payments as set forth above, Grandview will cause to be entered in the Lawsuit a Satisfaction of Judgment.

6. It is warranted by the parties to this Agreement that no other promise or inducement has been offered, except as herein set forth; that this Agreement is executed without reliance upon the statements or representations by either party or its attorneys concerning the nature or extent of the injuries, damages and/or legal liability therefore; that the terms hereof are contractual and not a mere recital; that this Agreement shall be governed by Missouri law; and that this Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, representatives, successors and assigns.

Date: 1-11-10

Grandview Products Co., Inc.

By: _Jerry G. Botts_
Its: Credit/Contracts Administrator

Date: 1-5-10

_Ronald W. Richardson_
Ronald W. Richardson
by Cindy Richardson, attorney in fact

Date: 12-28-09

_J. Rodney Goodson_
J. Rodney Goodson

2

EXPLAINED IN THE UNIFORM STATUTORY FORM POWER OF ATTORNEY ACT. IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTH-CARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.

I ___Ronald Wayman Richardson, 401 West Sunset, Sheridan Arkansas. 72150 ▓▓▓▓▓▓........... appoint Cindy Richardson, 401 West Sunset, Sheridan, Ar. For personal and John Rodney Goodson for business dealing with Advantages Contractors LLC, with Cindy Richardson as advisor, as my Agent's (attorney's-in-fact) to act for me in any lawful way with respect to the following initialed subjects:

TO GRANT ALL OF THE FOLLOWING POWERS, INITIAL THE LINE IN FRONT OF (N) AND IGNORE THE LINES IN FRONT OF THE OTHER POWERS.

TO GRANT ONE OR MORE, BUT FEWER THAN ALL, OF THE FOLLOWING POWERS, INITIAL THE LINE IN FRONT OF EACH POWER YOU ARE GRANTING.

TO WITHHOLD A POWER, DO NOT INITIAL THE LINE IN FRONT OF IT. YOU MAY, BUT NEED NOT, CROSS OUT EACH POWER WITHHELD.

Note: If you initial Item A or Item B, which follow, a notarized signature will be required on behalf of the Principal.

INITIAL

_____ (A) Real property transactions. To lease, sell, mortgage, purchase, exchange, and acquire, and to agree, bargain, and contract for the lease, sale, purchase, exchange, and acquisition of, and to accept, take, receive, and possess any interest in real property whatsoever, on such terms and conditions, and under such covenants, as my Agent shall deem proper; and to maintain, repair, tear down, alter, rebuild, improve manage, insure, move, rent, lease, sell, convey, subject to liens, mortgages, and security deeds, and in any way or manner deal with all or any part of any interest in real property whatsoever, including specifically, but without limitation, real property lying and being situated in the State of Arkansas, under such terms and conditions, and under such covenants, as my Agent shall deem proper and may for all deferred payments accept purchase money notes payable to me and secured by mortgages or deeds to secure debt, and may from time to time collect and cancel any of said notes, mortgages, security interests, or deeds to secure debt.

_____ (B) Tangible personal property transactions. To lease, sell, mortgage, purchase, exchange, and acquire, and to agree, bargain, and contract for the lease, sale, purchase, exchange, and acquisition of, and to accept, take, receive, and possess any personal property whatsoever, tangible or intangible, or interest thereto, on such terms and conditions, and under such covenants, as my Agent shall deem proper; and to maintain, repair, improve, manage, insure, rent, lease, sell, convey, subject to liens or mortgages, or to take any other security interests in said property which are recognized under the Uniform Commercial Code as adopted at that time under the laws of the State of Arkansas or any applicable state, or otherwise hypothecate (pledge), and in any way or manner deal with all or any part of any real or personal property whatsoever, tangible or intangible, or any interest therein, that I own at the time of execution or may thereafter acquire, under such terms and conditions, and under such covenants, as my Agent shall deem proper.

_____ (C) Stock and bond transactions. To purchase, sell, exchange, surrender, assign, redeem, vote at any meeting, or otherwise transfer any and all shares of stock, bonds, or other securities in any business, association, corporation, partnership, or other legal entity, whether private or public, now or hereafter belonging to me.

_____ (D) Commodity and option transactions. To buy, sell, exchange, assign, convey, settle and exercise commodities futures contracts and call and put options on stocks and stock indices traded on a regulated options exchange and collect and receipt for all proceeds of any such transactions; establish or continue option accounts for the principal with any securities or futures broker; and, in general, exercise all powers with respect to commodities and options which the principal could if present and under no disability.

_____ (E) Banking and other financial institution transactions. To make, receive, sign, endorse, execute, acknowledge, deliver and possess checks, drafts, bills of exchange, letters of credit, notes, stock certificates, withdrawal receipts and deposit instruments relating to accounts or deposits in, or certificates of deposit of banks, savings and loans, credit unions, or other institutions or associations. To pay all sums of money, at any time or times, that may hereafter be owing by me upon any account, bill of exchange, check, draft, purchase, contract, note, or trade acceptance made, executed, endorsed, accepted, and delivered by me or for me in my name, by my Agent. To borrow from time to time such sums of money as my Agent may deem proper and execute promissory notes, security deeds or agreements, financing statements, or other security instruments in such form as the lender may request and renew said notes and security instruments from time to time in whole or in part. To have free access at any time or times to any safe deposit box or vault to which I might have access.

_____ (F) Business operating transactions. To conduct, engage in, and otherwise transact the affairs of any and all lawful business ventures of whatever nature or kind that I may now or hereafter be involved in. To organize or continue and conduct any business which term includes, without limitation, any farming, manufacturing, service, mining, retailing or other type of business operation in any form, whether as a proprietorship, joint venture, partnership, corporation, trust or other legal entity; operate, buy, sell, expand, contract, terminate or liquidate any business; direct, control, supervise, manage or participate in the operation of any business and engage, compensate and discharge business managers, employees, agents, attorneys, accountants and consultants; and, in general, exercise all powers with respect to business interests and operations which the principal could if present and under no disability.

_____ (G) Insurance and annuity transactions. To exercise or perform any act, power, duty, right, or obligation, in regard to any contract of life, accident, health, disability, liability, or other type of insurance or any combination of insurance; and to procure new or additional contracts of insurance for me and to designate the beneficiary of same; provided, however, that my Agent cannot designate himself or herself as beneficiary of any such insurance contracts.

_____ (H) Estate, trust, and other beneficiary transactions. To accept, receipt for, exercise, release, reject, renounce, assign, disclaim, demand, sue for, claim and recover any legacy, bequest, devise, gift or other property interest or payment due or payable to or for the principal; assert any interest in and exercise any power over any trust, estate or property subject to fiduciary control; establish a revocable trust solely for the benefit of the principal that terminates at the death of the principal and is then distributable to the legal representative of the estate of the principal; and, in general, exercise all powers with respect to estates and trusts which the principal could exercise if present and under no disability; provided, however, that the Agent may not make or change a will and may not revoke or

amend a trust revocable or amendable by the principal or require the trustee of any trust for the benefit of the principal to pay income or principal to the Agent unless specific authority to that end is given.

_____ (I) Claims and litigation. To commence, prosecute, discontinue, or defend all actions or other legal proceedings touching my property, real or personal, or any part thereof, or touching any matter in which I or my property, real or personal, may be in any way concerned. To defend, settle, adjust, make allowances, compound, submit to arbitration, and compromise all accounts, reckonings, claims, and demands whatsoever that now are, or hereafter shall be, pending between me and any person, firm, corporation, or other legal entity, in such manner and in all respects as my Agent shall deem proper.

_____ (J) Personal and family maintenance. To hire accountants, attorneys at law, consultants, clerks, physicians, nurses, agents, servants, workmen, and others and to remove them, and to appoint others in their place, and to pay and allow the persons so employed such salaries, wages, or other remunerations, as my Agent shall deem proper.

_____ (K) Benefits from Social Security, Medicare, Medicaid, or other governmental programs, or military service. To prepare, sign and file any claim or application for Social Security, unemployment or military service benefits; sue for, settle or abandon any claims to any benefit or assistance under any federal, state, local or foreign statute or regulation; control, deposit to any account, collect, receipt for, and take title to and hold all benefits under any Social Security, unemployment, military service or other state, federal, local or foreign statute or regulation; and, in general, exercise all powers with respect to Social Security, unemployment, military service, and governmental benefits, including but not limited to Medicare and Medicaid, which the principal could exercise if present and under no disability.

_____ (L) Retirement plan transactions. To contribute to, withdraw from and deposit funds in any type of retirement plan (which term includes, without limitation, any tax qualified or nonqualified pension, profit sharing, stock bonus, employee savings and other retirement plan, individual retirement account, deferred compensation plan and any other type of employee benefit plan); select and change payment options for the principal under any retirement plan; make rollover contributions from any retirement plan to other retirement plans or Individual retirement accounts; exercise all investment powers available under any type of self-directed retirement plan; and, in general, exercise all powers with respect to retirement plans and retirement plan account balances which the principal could if present and under no disability.

___ *(initialed)* (M) Tax matters. To prepare, to make elections, to execute and to file all tax, social security, unemployment insurance, and informational returns required by the laws of the United States, or of any state or subdivision thereof, or of any foreign government; to prepare, to execute, and to file all other papers and instruments which the Agent shall think to be desirable or necessary for safeguarding of me against excess or illegal taxation or against penalties imposed for claimed violation of any law or other governmental regulation; and to pay, to compromise, or to contest or to apply for refunds in connection with any taxes or assessments for which I am or may be liable.

___ *(initialed)* (N) ALL OF THE POWERS LISTED ABOVE. YOU NEED NOT INITIAL ANY OTHER LINES IF YOU INITIAL LINE (N).

SPECIAL INSTRUCTIONS:

ON THE FOLLOWING LINES YOU MAY GIVE SPECIAL INSTRUCTIONS LIMITING OR EXTENDING THE POWERS GRANTED TO YOUR AGENT.

___Rodney has power over business with Advantages Contractors LLC only.___

___Rodney Goodson has power of attorney in all business matters.___

_____

_____

_____

_____

THIS POWER OF ATTORNEY IS EFFECTIVE IMMEDIATELY AND WILL CONTINUE UNTIL IT IS REVOKED.

THIS POWER OF ATTORNEY SHALL BE CONSTRUED AS A GENERAL DURABLE POWER OF ATTORNEY AND SHALL CONTINUE TO BE EFFECTIVE EVEN IF I BECOME DISABLED, INCAPACITATED, OR INCOMPETENT.

(YOUR AGENT WILL HAVE AUTHORITY TO EMPLOY OTHER PERSONS AS NECESSARY TO ENABLE THE AGENT TO PROPERLY EXERCISE THE POWERS GRANTED IN THIS FORM, BUT YOUR AGENT WILL HAVE TO MAKE ALL DISCRETIONARY DECISIONS. IF YOU WANT TO GIVE YOUR AGENT THE RIGHT TO DELEGATE DISCRETIONARY DECISION-MAKING POWERS TO OTHERS, YOU SHOULD KEEP THE NEXT SENTENCE, OTHERWISE IT SHOULD BE STRICKEN.)

Authority to Delegate. My Agent shall have the right by written instrument to delegate any or all of the foregoing powers involving discretionary decision-making to any person or persons whom my Agent may select, but such delegation may be amended or revoked by any agent (including any successor) named by me who is acting under this power of attorney at the time of reference.

(YOUR AGENT WILL BE ENTITLED TO REIMBURSEMENT FOR ALL REASONABLE EXPENSES INCURRED IN ACTING UNDER THIS POWER OF ATTORNEY. STRIKE OUT THE NEXT SENTENCE IF YOU DO NOT WANT YOUR AGENT TO ALSO BE ENTITLED TO REASONABLE COMPENSATION FOR SERVICES AS AGENT.)

Right to Compensation. My Agent shall be entitled to reasonable compensation for services rendered as agent under this power of attorney.

(IF YOU WISH TO NAME SUCCESSOR AGENTS, INSERT THE NAME(S) AND ADDRESS(ES) OF SUCH SUCCESSOR(S) IN THE FOLLOWING PARAGRAPH.)

Successor Agent. If any Agent named by me shall die, become incompetent, resign or refuse to accept the office of Agent, I name the following (each to act alone and successively, in the order named) as successor(s) to such Agent:

___Cindy Lea Richardson, Wife 401 West Sunset, Sheridan, Ar.__

___John Rodney Goodson, Son 505 Grant 13, Sheridan, Ar.__

Choice of Law. THIS POWER OF ATTORNEY WILL BE GOVERNED BY THE LAWS OF THE STATE OF ARKANSAS WITHOUT REGARD FOR CONFLICTS OF LAWS PRINCIPLES. IT WAS EXECUTED IN THE STATE OF ARKANSAS AND IS INTENDED TO BE VALID IN ALL JURISDICTIONS OF THE UNITED STATES OF AMERICA AND ALL FOREIGN NATIONS.

I am fully informed as to all the contents of this form and understand the full import of this grant of powers to my Agent.

I agree that any third party who receives a copy of this document may act under it. Revocation of the power of attorney is not effective as to a third party until the third party learns of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney.

Signed this 23rd day of January, 20 09

*[signature]*

[Your Signature]

Marcia Paxton, notary exp. 12-28-16

MARCIA PAXTON
GRANT COUNTY
NOTARY PUBLIC - ARKANSAS
My Commission Expires December 28, 2016
Commission No. 12357996